**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2021 IL App (3d) 180753-U

Order filed June 4, 2021

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2021

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 12th Judicial Circuit, Will County, Illinois. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-18-0753 Circuit No. 16-CF-347 |
| ARTHUR D. JOHNSON, | ) ) ) | |
| Defendant-Appellant. | ) ) | Honorable Daniel L. Kennedy, Judge, Presiding. |

_____

JUSTICE SCHMIDT delivered the judgment of the court.
Justices Holdridge and Wright concurred in the judgment.

**ORDER**

¶ 1     *Held*:  Defendant did not suffer prejudice due to his counsel's failure to object to the admission of a victim sensitive interview.

¶ 2     A grand jury charged defendant, Arthur D. Johnson, with predatory criminal sexual assault of a child, criminal sexual assault, and aggravated criminal sexual abuse. Following a discharge hearing, the Will County circuit court found him not not guilty of all three charges. On appeal, defendant argues that his counsel was ineffective for failing to object to the admission of a victim sensitive interview (VSI). Defendant contends that there is a reasonable probability that he would

not have been found not not guilty of predatory criminal sexual assault of a child if the VSI had not been admitted. We affirm.

¶ 3                                    I. BACKGROUND

¶ 4        A grand jury charged defendant with predatory criminal sexual assault of a child (720 ILCS 5/11-1.40(a)(1) (West 2014)) in that he committed an act of sexual penetration with A.E. when she was under 13 years of age. The grand jury also charged defendant with criminal sexual assault (*id.* § 11-l.20(a)(3)) and aggravated criminal sexual abuse (*id.* § 11-1.60(d)) for offenses that allegedly occurred when A.E. was 13 years old.

¶ 5        Following a fitness hearing, the court found defendant unfit to stand trial and unable to be restored to fitness within one year. The court remanded defendant to the custody of the Department of Human Services (DHS) for treatment.

¶ 6        At a discharge hearing, A.E. testified that she was born in March 2002 and that she was 16 years old at the time of the hearing. Defendant was her cousin, and she had known him since she was approximately six years old. She became pregnant with defendant's child when she was 13 years old, and she gave birth to the child when she was 14 years old. The following exchange occurred between the prosecutor and A.E.:

> "Q. When was the first time that you had sex with [defendant]? How old were you?
>
> A. I don't remember. I don't know.
>
> Q. Okay. Approximately how old were you?
>
> A. I was around 13, 14—no. That wasn't the first time but that was like when I actually conceived, when I got pregnant.
>
> THE COURT: What's the response? I can't hear her.

[THE STATE]: She said she was like 13 or 14 when the child was born.

THE COURT: Conceived, I thought.

[A.E.]: Conceived.

BY [THE STATE]:

Q. Okay. Now, approximately how old were you the first time that you had sex with [defendant]?

A. Ten, around 10, 11.

Q. 10 or 11?

A. Yes."

The prosecutor asked A.E. how many times defendant had sexual intercourse with her from the time she was 10 years old until the last time. A.E. replied: "I could say five times. More than five. I don't—."

¶ 7       On cross-examination, the following exchange occurred between A.E. and defense counsel:

"Q. I just want to clarify as to when you are indicating you first had sex with [defendant]. When would that be?

A. You're talking about the date?

Q. Do you remember the date?

A. No, I don't.

Q. So when would that be approximately?

3

A. I could say the first time was like around 2014, 2015. I don't remember. You're talking about the year?

Q. Correct.

A. I could say 2014, '15. I don't remember the exact time, date, or the year to be honest."

On redirect examination, A.E. testified that she remembered being approximately 10 years old the first time defendant had sexual intercourse with her.

¶ 8 The parties stipulated that, pursuant to forensic paternity testing, the probability that defendant was the father of A.E.'s child was approximately 99.9999%.

¶ 9 The parties also stipulated that the criteria for admission of a video recording of A.E.'s VSI under section 115-10 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/115-10 (West 2018)) had been satisfied. The VSI occurred on February 9, 2016. The parties agreed that the court could view the video recording in chambers.

¶ 10 In the VSI, A.E. stated that defendant began having sexual intercourse with her when she was 10 or 11 years old. When this occurred, defendant inserted his private part into hers. It had happened every few days starting when A.E. was 10 or 11 years old. It happened more frequently when she was younger. The last time it happened was in November before Thanksgiving.

¶ 11 During closing arguments, defense counsel argued that the State failed to prove when the conduct that gave rise to the charge of predatory criminal sexual assault of a child occurred. Defense counsel also argued that there was no sworn testimony as to what A.E. meant when she testified that she had sexual intercourse with defendant.

¶ 12 During the State's rebuttal argument, the following exchange occurred:

4

"[THE STATE]: Just, [Y]our Honor, if you look at the [VSI] for the issue about talking about sex, [A.E.] goes into a long description about what she's referring to in the [VSI] and makes it clear that she's talking about sexual intercourse where he placed his penis into her vagina.

THE COURT: Before she was 13?

[THE STATE]: Before she was the age of 13 years of age; that this is something that had been going on for quite some time before she ever got pregnant at the age of 13.

*** Of course, we have to prove under 13. I think we have established that.

THE COURT: Next issue?"

The State then began addressing a different issue.

¶ 13 After arguments had concluded, the court found defendant not not guilty of all three counts. The court noted that it had heard the arguments and the evidence but gave no further explanation for its finding. The court remanded defendant to the custody of the DHS for further treatment.

¶ 14 Defendant filed a motion for a new discharge hearing or to reconsider the finding at the discharge hearing. In the motion, defendant argued, *inter alia*, that the State failed to prove that A.E. was under 13 years old at the time of the offense of predatory criminal sexual assault of a child. Defendant asserted in the motion that A.E.'s statements at the VSI could not outweigh her vague testimony at the discharge hearing. The court denied the motion.

¶ 15                                II. ANALYSIS

¶ 16 Defendant argues that defense counsel provided ineffective assistance by stipulating to the admissibility of the recording of the VSI. Defendant contends that the recording was inadmissible

5

under section 115-10 of the Code (725 ILCS 5/115-10 (West 2018)) because the interview occurred more than 3 months after A.E. turned 13 years old. Defendant argues that the admission of the VSI was prejudicial because the circuit court relied on it to find that the State had proven that defendant had sexual intercourse with A.E. before she reached the age of 13—an essential element of the offense of predatory criminal sexual assault of a child.

¶ 17    To prevail on a claim of ineffective assistance of counsel, defendant must show that (1) his counsel's performance was deficient, and (2) he suffered prejudice due to the deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *People v. Albanese*, 104 Ill. 2d 504, 526-27 (1984). In order to show prejudice, defendant must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

¶ 18    In the instant case, even if we accept defendant's argument that his counsel performed deficiently in stipulating to the admission of the VSI, defendant is unable to show prejudice. It is not reasonably probable that the result of the discharge hearing would have been different if the VSI had not been admitted. A.E.'s testimony provided strong evidence that defendant had sexual intercourse with her before her thirteenth birthday. A.E. testified that she was 10 or 11 years old the first time that defendant had sexual intercourse with her. While A.E. initially said that she was 13 or 14 years old, she immediately clarified that that was her age when she became pregnant, not the first time she and defendant had sexual intercourse. On redirect examination, A.E. again confirmed that she was approximately 10 years old the first time defendant had sexual intercourse with her.

¶ 19    We reject defendant's argument that A.E.'s testimony at the discharge hearing was inconsistent and indefinite as to whether she was under 13 years old the first time defendant had sexual intercourse with her. Defendant notes that A.E. initially said that she could not remember the first time defendant had sexual intercourse with her and that she testified on cross-examination that it may have been in 2014 or 2015 but that she did not remember "the exact time, date, or the year." Defendant contends that if A.E. and defendant first had sexual intercourse on or after March 2015, A.E. would have been 13 years old and the elements of predatory criminal sexual assault of a child would not be met.

¶ 20    While A.E. struggled to answer questions as to "when" and "what year" defendant first had sexual intercourse with her, she did not struggle when the prosecutor asked her only how old she was and did not also ask "when." She gave clear testimony that she was 10 or 11 years old the first time that defendant had sexual intercourse with her. A.E.'s testimony that the first time defendant had sexual intercourse with her may have been in 2014 or 2015 was not necessarily inconsistent, as A.E. would have been 11 years old at the beginning of 2014. Given A.E.'s age at the time of the discharge hearing and the sensitive nature of the events she was testifying about, her struggle to recall dates and years was understandable and did not negate her clear testimony that she was approximately 10 or 11 years old the first time defendant had sexual intercourse with her.

¶ 21    We also reject defendant's argument that the record shows that the VSI convinced the court that defendant had sexual intercourse with A.E. before she turned 13 years old. Defendant notes that, during the State's rebuttal closing argument, the State asserted that A.E. was clear during the VSI that defendant placed his penis in her vagina before she turned 13 years old, and the court then asked to move on to the next issue. Defendant argues that this shows that the VSI "cemented" the court's decision. However, the court asking to move on to the next issue does not necessarily show

7

that the State's argument convinced the court. The court may have merely believed that the State had finished discussing this matter and wanted to direct the State to make its next point. It is unclear, based on this record, what evidence the court found most compelling in finding defendant not not guilty of predatory criminal sexual assault of a child. The court gave no explanation for its finding other than that it had heard the arguments and evidence.

¶ 22                                      III. CONCLUSION

¶ 23        For the foregoing reasons, we affirm the judgment of the circuit court of Will County.

¶ 24        Affirmed.